UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:20-CV-00102-DDD

ELLEN LARSON,
JUSTINE LUND, and
JAIME and JARED BEARD,
individually and on behalf of all others similarly situated,

      Plaintiffs,

  v.

THE ALIERA COMPANIES, INC., a Delaware corporation;
ALIERA HEALTHCARE, INC., a Delaware corporation; and
TRINITY HEALTHSHARE, INC., a Delaware corporation,

      Defendants.

## PLAINTIFFS' NOTICE OF FRCP 41(a) VOLUNTARY DISMISSAL WITHOUT PREJUDICE

### I. INTRODUCTION

Plaintiffs provide notice of their voluntary dismissal of this litigation, without prejudice, pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(i).

### II. FACTS

This case was filed on January 13, 2020.  *See* Dkt. No. 1.  On February 14, 2020, counsel for defendant Trinity Healthshare wrote Plaintiffs' counsel alleging that Plaintiff Ellen Larsen was never enrolled in Trinity Healthshare, offering an internal email indicating that Ms. Larsen terminated her enrollment with AlieraCare as of December 31, 2019.  Hamburger Decl. ¶2, *Exh. A,* pp. 8-9.  On February 18, 2020, Plaintiffs' counsel responded to the letter, providing a copy of an Explanation of Benefits issued by Trinity

to Ms. Larson, and directing the attention of Trinity's counsel to the insurance card issued by Trinity to Ms. Larson with an effective date of "July 1, 2018" and a membership booklet for Trinity dated "2018-2019." *Id.*, ¶3, *Exh. A*, pp. 8-9. Plaintiffs' counsel offered to review any other evidence from the defendants that explained why Ms. Larson received these documents if she was not enrolled in Trinity. *Id.* Trinity's counsel responded requesting additional time to produce more documents to Plaintiffs' counsel that would establish Ms. Larsen's lack of enrollment in the plan. *Id.* Plaintiffs' counsel agreed to the extension requested by defendants. *Id., Exh. A*, p. 7.

On March 23, 2020, counsel for both defendants informed plaintiffs' counsel that they would be filing motions to dismiss on March 27, 2020. *Id., Exh. A*, pp. 6-7. On March 24, 2020, Trinity's counsel provided four exhibits that they represented would be attached to their Motion to Dismiss along with a declaration stating that Ms. Larson was never a member of Trinity. *Id., Exh. A*, p. 5. The following day, Plaintiffs' counsel asked if defendants had an explanation for Ms. Larson's receipt of one or more explanations of benefits from Trinity. *Id., Exh. A*, p. 4.

In response, Trinity's counsel provided a brief summary of its anticipated motion to dismiss that it claimed fulfilled the "meet and confer" obligation under the Court's local rules. *Id.* The list of alleged "grounds for dismissal" did not include any abstention arguments nor that defendants anticipated challenging federal court jurisdiction pursuant to 28 U.S.C. § 1332(a). *See id.* No similar disclosure or attempt to "meet and confer" was offered by counsel for Aliera. *Id.*, ¶6.

Plaintiffs' counsel requested an additional 30 days to add new plaintiffs and otherwise amend the complaint to address some or all of the issues raised. *Id., Exh. A*, p. 3. Eventually an agreement about a stipulation was reached and filed with the Court. *Id., see* Dkt. Nos. 15, 16. On April 27, 2020, Plaintiffs filed their First Amended Complaint,

adding three additional named plaintiffs and modifying the complaint to address the issues raised by defendants.  Dkt. No. 18.  Defendants did not "meet and confer" about any new alleged "grounds for dismissal" before filing their motions to dismiss.  Hamburger Decl., ¶7.  Defendant Trinity requested a two-day extension to file their Motion to Dismiss, which Plaintiffs did not oppose.  *See* Dkt. No. 21.  Defendants Aliera and Trinity filed Motions to Dismiss on May 27 and 29, 2020, respectively.  *See* Dkt. Nos. 23 and 25.  Trinity's Motion contained argument asserting that this litigation is properly filed and reviewed in Colorado state court.  *See* Dkt. No. 25, pp. 5, 14-15.  Both Motions indicate that another entity, Unity Healthshare, may be a necessary party to this litigation.  *See id.*, pp. 6-8.

### III.  LAW AND ARGUMENT

**A.     Legal Standard.**

Voluntary dismissal without prejudice is mandatory when notice of dismissal is provided before the opposing party serves either an answer or a motion for summary judgment.  *Id.*  "Under Rule 41(a)(1)(i), a plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court."  *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).  Voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) is available even after a defendant files a motion for Rule 12(b)(6) dismissal.  *See De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) (Plaintiff can file a unilateral notice of dismissal under Rule 41(a)(1)(A)(i) after defendant moves to dismiss, so long as the defendant did not file an answer or a motion for summary judgment).

**B.     Defendants Raised Previously Undisclosed Jurisdictional Arguments
           in their Motions for Rule 12(b)(6) Dismissal.**

Defendants did not raise all of the jurisdictional "grounds for dismissal" contained in their Motions to dismiss in the single email that Trinity's counsel sent to fulfill their

"meet and confer" obligations.  *See* Hamburger Decl., ¶6, *Exh. A,* p. 4.  Had they fully disclosed the issues raised in the motions to dismiss, particularly defendants' apparent preference to litigate this dispute in state court, the parties could have avoided the filing of the motions to dismiss.

Plaintiffs have fully considered the jurisdictional issues raised by defendants.  In light of those issues and concerns, Plaintiffs file this notice of voluntary dismissal without prejudice.  Concurrently, plaintiffs are filing a similar complaint in Colorado state court, but with the addition of Unity Healthshare as another defendant, so that the parties can pursue this dispute in defendants' apparently preferred jurisdiction.

DATED:  June 19, 2020.

*s/ Eleanor Hamburger*
Richard E. Spoonemore
Eleanor Hamburger
SIRIANNI YOUTZ SPOONEMORE HAMBURGER PLLC
3101 Western Ave., Suite 350
Seattle, WA  98121
Tel. (206) 223-0303
Email:  rick@sylaw.com
Email:  ele@sylaw.com

*s/ Victoria E. Lovato*
Victoria E. Lovato (CO Bar # 31700)
MICHAEL BEST & FRIEDRICH LLP
1776 Lincoln Street, Suite 1100
Denver, CO  80203
Tel. (720) 240-9515
Email:  velovato@michaelbest.com

—and—

– 4 –

    *s/ Michael David Myers*
Michael David Myers
M<small>YERS</small> & C<small>OMPANY</small> <small>PLLC</small>
1530 Eastlake Avenue East
Seattle, WA 98102
Tel. (206) 398-1188
Email:  mmyers@myers-company.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Matthew C. Baisley**
  mbaisley@bakerlaw.com, rmann@bakerlaw.com, sbeer@bakerlaw.com

- **Sarah Renee Craig**
  scraig@burr.com, lgmiller@burr.com, craig.sadie@gmail.com

- **Eleanor Hamburger**
  ele@sylaw.com, matt@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

- **Victoria Edna Lovato**
  velovato@michaelbest.com, pmclevenger@michaelbest.com, Vicki_lovato@yahoo.com

- **Michael David Myers**
  mmyers@myers-company.com, slin@myers-company.com

- **Laurin D. Quiat**
  lquiat@bakerlaw.com, sbliss@bakerlaw.com, dscallorn@bakerlaw.com

- **Richard E. Spoonemore**
  rick@sylaw.com, matt@sylaw.com, rspoonemore@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the nonparticipant's name:

- (No manual recipients).

DATED: June 19, 2020, at Seattle, Washington.

*s/ Eleanor Hamburger*
Eleanor Hamburger
Email: ele@sylaw.com