UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:20-CV-00102-DDD

ELLEN LARSON,
JUSTINE LUND, and
JAIME and JARED BEARD,
individually and on behalf of all others similarly situated,

    Plaintiffs,
v.

THE ALIERA COMPANIES, INC., a Delaware corporation;
ALIERA HEALTHCARE, INC., a Delaware corporation; and
TRINITY HEALTHSHARE, INC., a Delaware corporation,

    Defendants.

## DECLARATION OF ELEANOR HAMBURGER

I, Eleanor Hamburger, declare under penalty of perjury and in accordance with the laws of the United States, that:

1. I am a partner at Sirianni Youtz Spoonemore Hamburger PLLC and am one of plaintiffs' counsel and proposed class counsel in this action.

2. By letter dated February 14, 2020, counsel for defendants' Trinity Healthshare offered what they purported to be an internal email indicating that Plaintiff Ellen Larson terminated her enrollment with AlieraCare as of December 31, 2019.

3. On February 18, 2020, I emailed a response to defendants' counsel, providing an Explanation of Benefits received by Ms. Larson issued by Defendant Trinity Healthshare, and directing the attention of defendants' counsel to the Trinity insurance card and member booklet received by Ms. Larson from Trinity. A true and correct copy of that email is attached to this declaration as *Exhibit A*. In the email, I offered to review

any other evidence that defendants had that explained why Ms. Larson received these documents if she was not enrolled in Trinity.

4. Trinity's counsel responded that they needed additional time to produce more documents to plaintiffs' counsel that would establish Ms. Larson's non-enrollment in Trinity. Trinity's counsel requested an extension of the deadline for filing responsive pleadings to the Complaint, and plaintiffs' counsel agreed.

5. On March 23, 2020, defense counsel informed plaintiffs' counsel that they would be filing motions to dismiss on March 27, 2020. The following day, Trinity's counsel provided four exhibits that they explained would be attached to their motion to dismiss along with a declaration that Ms. Larson was never a member of Trinity. The following day, plaintiffs' counsel asked for an explanation as to why Ms. Larson had one or more Explanations of Benefits from Trinity.

6. In response, Trinity's counsel provided a summary of its anticipated motion to dismiss that it claimed fulfilled the "meet and confer" obligation under the Court's local rules. The list of the "grounds for dismissal" did not include any abstention arguments nor that the defendants anticipated challenging federal court jurisdiction pursuant to 28 U.S.C. § 1332(a). Aliera's counsel offered no similar disclosure or attempt at a "meet and confer."

7. The parties eventually stipulated that Plaintiff Larson could amend the Complaint within thirty days, and defendants would file their responsive pleadings by thirty days later. Defendants did not "meet and confer" about any new alleged "grounds for dismissal" before filing their motions to dismiss.

DATED:  June 19, 2020 at Seattle, Washington.

        *s/ Eleanor Hamburger*
Eleanor Hamburger
SIRIANNI YOUTZ SPOONEMORE HAMBURGER PLLC
3101 Western Avenue, Suite 350
Seattle, WA  98121
Tel. (206) 223-0303
Email:  ele@sylaw.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Matthew C. Baisley**
  mbaisley@bakerlaw.com, rmann@bakerlaw.com, sbeer@bakerlaw.com

- **Sarah Renee Craig**
  scraig@burr.com, lgmiller@burr.com, craig.sadie@gmail.com

- **Eleanor Hamburger**
  ele@sylaw.com, matt@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

- **Victoria Edna Lovato**
  velovato@michaelbest.com, pmclevenger@michaelbest.com, Vicki_lovato@yahoo.com

- **Michael David Myers**
  mmyers@myers-company.com, slin@myers-company.com

- **Laurin D. Quiat**
  lquiat@bakerlaw.com, sbliss@bakerlaw.com, dscallorn@bakerlaw.com

- **Richard E. Spoonemore**
  rick@sylaw.com, matt@sylaw.com, rspoonemore@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the nonparticipant's name:

- (No manual recipients).

DATED: June 19, 2020, at Seattle, Washington.

*s/ Eleanor Hamburger*
Eleanor Hamburger
Email: ele@sylaw.com

– 4 –

# Exhibit A

| | |
|---|---|
| **From:** | Quiat, Laurin |
| **To:** | Ele Hamburger; Shirley, Elizabeth |
| **Cc:** | velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore; Baisley, Matthew C.; Bliss, Stephanie L.; Menk, Jacqueline; Bauer, S. Derek; Rutherford, Robert |
| **Subject:** | RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020 |
| **Date:** | Thursday, March 26, 2020 3:51:21 PM |

Ele,

Understood. We hope that you will remove Larson from any claims against Trinity, but at this stage we do not have any practical options to oppose amendment. Please draft a stipulation for our review. We plan to insert language to the effect that Trinity is agreeing to the stipulation per the judge's practice standards and based exclusively on Plaintiff's representation that Plaintiff can cure the issues Trinity has identified with her complaint as it pertains to Trinity. If you would like to insert that language or similar for our review that might speed things along.

In addition, if in the next thirty days you require any additional information to assist you with your evaluation of Ms. Larson's standing, please let us know. This might be an issue that lends itself to a phone conference, and please note that we will make ourselves available for a conference if you think it would be productive.

Laurin

**Laurin Quiat**
Partner

BakerHostetler

1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4136

lquiat@bakerlaw.com
bakerlaw.com



**From:** Ele Hamburger <ele@sylaw.com>
**Sent:** Thursday, March 26, 2020 3:15 PM
**To:** Quiat, Laurin <LQuiat@bakerlaw.com>; Shirley, Elizabeth <bshirley@burr.com>
**Cc:** velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore <rick@sylaw.com>; Baisley, Matthew C. <mbaisley@bakerlaw.com>; Bliss, Stephanie L. <sbliss@bakerlaw.com>; Menk, Jacqueline <jmenk@bakerlaw.com>; Bauer, S. Derek <dbauer@bakerlaw.com>; Rutherford, Robert <rrutherford@burr.com>
**Subject:** RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

Dear Laurin,

At this point, we are still sorting out the information you provided to us just a day ago. The evidence regarding Ms. Larson's coverage, whether through Unity or Trinity is conflicting at best. As a result, we will not commit to withdrawing Ms. Larson's claims against Trinity at this time. As we consider this new evidence further, we may reach a conclusion that Ms. Larson's claims are not against Trinity, or we may proceed with her claims as stated.

Nearly a month ago we provided you with the Trinity EOB received by Ms. Larson and the Trinity coverage cards indicating an effective date of July 1, 2018. We offered to review any additional evidence you had regarding Ms. Larson's coverage, if you had any. We extended the deadline for defendants' responsive pleadings so that you could have sufficient time to provide such evidence. Despite our courtesies, the additional evidence you offer was only produced upon my request yesterday and on the eve of defendants' intended motion to dismiss.

One day is simply not enough time for us to evaluate the new evidence and conduct our due diligence. Just as we provided additional time to defendants, we request the same courtesy be extended to plaintiff now.

Sincerely yours,

Ele

**Ele Hamburger**
SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121

DIRECT LINE: (206) 838-1809
GENERAL OFFICE: (206) 223-0303
FACSIMILE:  (206) 223-0246
E-MAIL:  ehamburger@sylaw.com
WEBSITE: www.sylaw.com

I am presently working remotely but regularly checking voice messages left on my direct line.

---

**From:** Quiat, Laurin <LQuiat@bakerlaw.com>
**Sent:** Thursday, March 26, 2020 1:54 PM
**To:** Ele Hamburger <ele@sylaw.com>; Shirley, Elizabeth <bshirley@burr.com>
**Cc:** velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore <rick@sylaw.com>; Baisley, Matthew C. <mbaisley@bakerlaw.com>; Bliss, Stephanie L. <sbliss@bakerlaw.com>; Menk, Jacqueline <jmenk@bakerlaw.com>; Bauer, S. Derek <dbauer@bakerlaw.com>; Rutherford, Robert <rrutherford@burr.com>
**Subject:** RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

Ele,

Trinity may be agreeable to your proposed stipulation. However, we want to clarify what you are proposing. Ms. Larson does not have standing to sue Trinity. We are assuming that you propose to dismiss/delete Ms. Larson's claims against Trinity (even if she is maintaining her claims against Aliera). In other words, the amendment you refer to below will sub out Ms. Larson as a plaintiff against Trinity and sub in some other individual. Please confirm that this understanding is correct. With the limited information you have provided we cannot agree to a stipulation if your proposed amended complaint maintains Ms. Larson as a plaintiff with claims against Trinity. If you have additional arguments/details regarding why you believe you can cure Ms. Larson's standing issue with respect to Trinity we are of course willing to consider those additional arguments/details, but frankly, we cannot imagine what they would be given the factual setting here.

Please let us know your position as soon as possible.

Laurin

**Laurin Quiat**
Partner

BakerHostetler
1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4136

lquiat@bakerlaw.com
bakerlaw.com

---

**From:** Ele Hamburger <ele@sylaw.com>
**Sent:** Thursday, March 26, 2020 1:25 PM
**To:** Quiat, Laurin <LQuiat@bakerlaw.com>; Shirley, Elizabeth <bshirley@burr.com>
**Cc:** velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore <rick@sylaw.com>; Baisley, Matthew C. <mbaisley@bakerlaw.com>; Bliss, Stephanie L. <sbliss@bakerlaw.com>; Menk, Jacqueline <jmenk@bakerlaw.com>; Bauer, S. Derek <dbauer@bakerlaw.com>; Rutherford, Robert <rrutherford@burr.com>
**Subject:** RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

Dear Laurin,

Thank you for this email and the additional information you provided yesterday.  We believe that we can amend the complaint and add additional named plaintiff(s) to address some or all of these issues.

We suggest that the parties stipulate that the plaintiff will file an amended complaint within 30 days, and that defendants will have 30 days after that to file their responsive pleadings.  Please let me know if that is acceptable and I can draft a stipulation and proposed order reflecting our agreement.

Thank you,

Ele


**Ele Hamburger**
SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121

DIRECT LINE: (206) 838-1809
GENERAL OFFICE: (206) 223-0303
FACSIMILE:  (206) 223-0246
E-MAIL:  ehamburger@sylaw.com
WEBSITE: www.sylaw.com

I am presently working remotely but regularly checking voice messages left on my direct line.

---

**From:** Quiat, Laurin <LQuiat@bakerlaw.com>
**Sent:** Wednesday, March 25, 2020 7:36 PM
**To:** Ele Hamburger <ele@sylaw.com>; Shirley, Elizabeth <bshirley@burr.com>
**Cc:** velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore <rick@sylaw.com>; Baisley, Matthew C. <mbaisley@bakerlaw.com>; Bliss, Stephanie L. <sbliss@bakerlaw.com>; Menk, Jacqueline <jmenk@bakerlaw.com>; Bauer, S. Derek <dbauer@bakerlaw.com>; Rutherford, Robert <rrutherford@burr.com>
**Subject:** RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

Ele,

Further to my e-mail from earlier today, and pursuant to the Court's local rules, we have a meet and confer obligation regarding any deficiencies Plaintiff is able to cure via amendment. We do not believe any amendment can cure Plaintiff's complaint given the lack of any relationship between Trinity and Plaintiff. That said, out of an abundance of caution, and to ensure we are all in compliance with the judge's rules, I have listed our grounds for dismissal below. Please state whether you reasonably believe that you are able to amend the complaint to cure any of these deficiencies.

- Plaintiff's Complaint should be dismissed pursuant to 12(b)(1):
    - Plaintiff has no standing to bring a contract claim against Trinity because Plaintiff did not have any relationship (contractual or otherwise) with Trinity.
    - Plaintiff has no standing to bring a CCPA claim against Trinity because Plaintiff cannot claim she was injured by any of Trinity's conduct. Specifically, because Plaintiff did not procure any services from Trinity, she cannot connect any deficiency in whatever services she received to Trinity's conduct.
- Plaintiff's CCPA claim should be dismissed pursuant to 9(b): Plaintiff fails to plead the who/what/when/where of her fraud claims, and in particular fails to specify what conduct Trinity is responsible for, instead grouping Trinity together with the other defendants.
- Plaintiff's CCPA claim should be dismissed pursuant to 12(b)(6) for various pleading deficiencies:
    - Plaintiff has not alleged Trinity did anything to cause her to act or refrain from acting.
    - Plaintiff has not alleged that Trinity knowingly made any deceptive statement with the intent to deceive Plaintiff.
    - Plaintiff has not alleged a public impact because Trinity no longer operates in Colorado, and because she does not describe how members of the public have been impacted by Trinity's conduct.

Our client continues to incur fees in finalizing our motion to dismiss. Please let us know at your earliest convenience if Plaintiff intends to withdraw her complaint and/or seek amendment thereto.

Kind regards,

Laurin

**Laurin Quiat**
Partner

BakerHostetler

1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4136

lquiat@bakerlaw.com
bakerlaw.com



**From:** Ele Hamburger <ele@sylaw.com>
**Sent:** Wednesday, March 25, 2020 10:20 AM
**To:** Quiat, Laurin <LQuiat@bakerlaw.com>; Shirley, Elizabeth <bshirley@burr.com>
**Cc:** velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore <rick@sylaw.com>; Baisley, Matthew C. <mbaisley@bakerlaw.com>; Bliss, Stephanie L. <sbliss@bakerlaw.com>; Menk, Jacqueline <jmenk@bakerlaw.com>; Bauer, S. Derek <dbauer@bakerlaw.com>; Rutherford, Robert <rrutherford@burr.com>
**Subject:** RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

Thank you for this, we will take a look. Do you have an explanation regarding the date on the Trinity/Aliera cards provided to Ms. Larson and the Explanation of Benefits from Trinity that she received?

Ele

**From:** Quiat, Laurin <LQuiat@bakerlaw.com>
**Sent:** Tuesday, March 24, 2020 8:21 PM
**To:** Ele Hamburger <ele@sylaw.com>; Shirley, Elizabeth <bshirley@burr.com>
**Cc:** velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore <rick@sylaw.com>; Baisley, Matthew C. <mbaisley@bakerlaw.com>; Bliss, Stephanie L. <sbliss@bakerlaw.com>; Menk, Jacqueline <jmenk@bakerlaw.com>; Bauer, S. Derek <dbauer@bakerlaw.com>; Rutherford, Robert <rrutherford@burr.com>
**Subject:** RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

Ele,

Both defendants intend to file their motions on Friday, March 27th.

==As for continuing discussions and reviewing documents concerning Ms. Larson's claims in this case, attached are 4 exhibits that will be attached to Trinity's MTD.  In addition, the MTD will be supported by a Declaration which will support our position that Ms. Larson was never a member of Trinity.==   If the attached documents cause you to re-evaluate the position that you have previously taken in this case concerning Ms. Larson ever having been a member of Trinity, please do not hesitate to contact us.  Otherwise you will receive our motion on Friday.

Kind regards,

Laurin

**Laurin Quiat**
Partner


BakerHostetler
1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4136

lquiat@bakerlaw.com
bakerlaw.com

---

**From:** Ele Hamburger <ele@sylaw.com>
**Sent:** Monday, March 23, 2020 6:21 PM
**To:** Shirley, Elizabeth <bshirley@burr.com>; Quiat, Laurin <LQuiat@bakerlaw.com>
**Cc:** velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore <rick@sylaw.com>; Baisley, Matthew C. <mbaisley@bakerlaw.com>; Bliss, Stephanie L. <sbliss@bakerlaw.com>; Menk, Jacqueline <jmenk@bakerlaw.com>; Bauer, S. Derek <dbauer@bakerlaw.com>; Rutherford, Robert <rrutherford@burr.com>; Ann Merryfield <ann@sylaw.com>
**Subject:** RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

Hi Everyone,

We believe that we will be fine with the ordinary schedule for briefing (21 days from filing for our response, 14 days from our responsive filing for your reply) but want to reserve the option to ask for more time, once we see what your motions address – if the motions are similar to what was filed in Washington then we should be fine with the ordinary schedule.

We would appreciate it if you file on the same day (March 27, 2020) so that we can respond in a combined brief, if

appropriate.

Please let me know if it would be helpful to get on a call together to talk further.

Sincerely yours,

Ele


**Ele Hamburger**
SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121

DIRECT LINE: (206) 838-1809
GENERAL OFFICE: (206) 223-0303
FACSIMILE:  (206) 223-0246
E-MAIL:  ehamburger@sylaw.com
WEBSITE: www.sylaw.com

I am presently working remotely but regularly checking voice messages left on my direct line.

---

**From:** Shirley, Elizabeth <bshirley@burr.com>
**Sent:** Monday, March 23, 2020 11:38 AM
**To:** 'Quiat, Laurin' <LQuiat@bakerlaw.com>; Ele Hamburger <ele@sylaw.com>
**Cc:** velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore <rick@sylaw.com>; Baisley, Matthew C. <mbaisley@bakerlaw.com>; Bliss, Stephanie L. <sbliss@bakerlaw.com>; Menk, Jacqueline <jmenk@bakerlaw.com>; Bauer, S. Derek <dbauer@bakerlaw.com>; Rutherford, Robert <rrutherford@burr.com>
**Subject:** RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

Hi all,

We also hope that everyone is healthy and managing matters in this most unusual time. Aliera intends to file a motion to dismiss, as well, and we are happy to work on a briefing schedule.

Best regards,
Beth



AL • DE • FL • GA
MS • NC • SC • TN

Elizabeth Bosquet Shirley  •  *Partner*
Burr & Forman LLP

420 North 20th Street , Suite 3400, Birmingham, Alabama 35203
direct 205-458-5186 • fax 205-244-5705 • main 205-251-3000
bshirley@burr.com • www.burr.com

360 Attorneys. 19 Offices. 1 Firm. Southeast Strong.

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

**From:** Quiat, Laurin <LQuiat@bakerlaw.com>
**Sent:** Monday, March 23, 2020 12:10 PM
**To:** Ele Hamburger <ele@sylaw.com>
**Cc:** velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore <rick@sylaw.com>; Baisley, Matthew C. <mbaisley@bakerlaw.com>; Bliss, Stephanie L. <sbliss@bakerlaw.com>; Menk, Jacqueline <jmenk@bakerlaw.com>; Bauer, S. Derek <dbauer@bakerlaw.com>; Rutherford, Robert <rrutherford@burr.com>; Shirley, Elizabeth <bshirley@burr.com>
**Subject:** RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

**[EXTERNAL EMAIL]**

Ele,

I hope you and your team are remaining safe amongst all the craziness going on right now.  I'm following up on our prior emails.  Further to your request to be notified if Trinity intends to file a motion to dismiss Plaintiff's complaint in this matter, please be advised that Trinity does intend to file a motion to dismiss the complaint.  It will be filed on March 27, 2020.  I'm happy to work with you on a reasonable briefing schedule.  Please let me know what you have in mind.  I've copied Aliera's counsel on this email, as I understand that you have granted them a similar extension of time to respond to the complaint.

Kind regards,

Laurin

**From:** Ele Hamburger <ele@sylaw.com>
**Sent:** Monday, February 24, 2020 11:41 AM
**To:** Quiat, Laurin <LQuiat@bakerlaw.com>
**Cc:** velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore <rick@sylaw.com>; Baisley, Matthew C. <mbaisley@bakerlaw.com>; Bliss, Stephanie L. <sbliss@bakerlaw.com>
**Subject:** RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

Dear Laurin,

We agree to a 30 day extension of the deadline by which Trinity must respond to the pleadings, so long as you will let us know if Trinity will be filing a motion to dismiss, and work with us on a reasonable briefing schedule, should there be any scheduling conflicts.

We remain open to reviewing and discussing any additional documents you would like to share with us.

Sincerely yours,

Ele


**Ele Hamburger**
SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121

DIRECT LINE: (206) 838-1809

GENERAL OFFICE: (206) 223-0303
FACSIMILE:  (206) 223-0246
E-MAIL:  ehamburger@sylaw.com
WEBSITE: www.sylaw.com

**From:** Quiat, Laurin <LQuiat@bakerlaw.com>
**Sent:** Saturday, February 22, 2020 9:31 AM
**To:** Ele Hamburger <ele@sylaw.com>
**Cc:** velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore <rick@sylaw.com>; Baisley, Matthew C. <mbaisley@bakerlaw.com>; Bliss, Stephanie L. <sbliss@bakerlaw.com>
**Subject:** RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

Ele,

Thank you for your email.  We disagree with your interpretation of the documents and facts, but don't believe that we can resolve that issue in the next few days, prior to our response to the Complaint being due (Feb. 26th).  At this time, given your stated position, we would request a 30 day extension of time to provide you with more documents to establish what I indicated in my prior letter.  Hopefully during that time period we will be able to convince you that Ms. Larson was never a member of Trinity Healthshare, and you will agree to dismiss us from this case prior to any significant fees and costs being incurred by our client.  Please advise as to your position on this requested extension.

Kind regards,

Laurin

**Laurin Quiat**
Partner


1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4136

lquiat@bakerlaw.com
bakerlaw.com

**From:** Ele Hamburger <ele@sylaw.com>
**Sent:** Tuesday, February 18, 2020 2:21 PM
**To:** Gonday, Deborah <DGonday@bakerlaw.com>; Quiat, Laurin <LQuiat@bakerlaw.com>
**Cc:** velovato@michaelbest.com; mmyers@myers-company.com; Rick Spoonemore <rick@sylaw.com>
**Subject:** RE: [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

[External Email: Use caution when clicking on links or opening attachments.]

Dear Laurin,

Thank you for your letter.  Please see attached Explanation of Benefits from Trinity issued to Ms. Larson.  In addition, please note that the insurance cards issued by Aliera/Trinity list the "effective date" as **July 1, 2018**, not January 1, 2019 as asserted in your letter.  *See* Dkt. No. 1-4 p.2 of 3.  The membership booklet provided by Trinity is for 2018-2019.  *See* Dkt. No. 1-2.  Indeed, nothing in Dkt. No. 1-4 indicates that the coverage is effective January 1, 2019.

Defendants' production of an internal email indicating that Ms. Larson terminated her AlieraCare coverage as of December 31, 2018 (whether with Trinity or Unity), does not clarify this issue.

If Trinity has additional evidence to explain why it sent Ms. Larson membership cards with an effective date of July 1, 2018 and at least one explanation of benefits, when it now claims she was never enrolled with Trinity, we are open to considering it.

Sincerely yours,

Ele

**Ele Hamburger**
SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121

DIRECT LINE: (206) 838-1809
GENERAL OFFICE: (206) 223-0303
FACSIMILE:  (206) 223-0246
E-MAIL:   ehamburger@sylaw.com
WEBSITE: www.sylaw.com

---

**From:** Gonday, Deborah <DGonday@bakerlaw.com>
**Sent:** Friday, February 14, 2020 3:05 PM
**To:** velovato@michaelbest.com; mmyers@myers-company.com; Ele Hamburger <ele@sylaw.com>; Rick Spoonemore <rick@sylaw.com>
**Cc:** Quiat, Laurin <LQuiat@bakerlaw.com>; Gonday, Deborah <DGonday@bakerlaw.com>
**Subject:** [External] Ellen Larson v. The Aliera Companies, et al.; Correspondence of February 14, 2020

Attached please find correspondence of today's date from Mr. Laurin Quiat.

**Deborah Gonday**
Legal Secretary

BakerHostetler
1801 California Street | Suite 4400
Denver, CO 80202-2662
T +1.303.764.4118

dgonday@bakerlaw.com
bakerlaw.com

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost,

destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.